UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 2:10-cr-72 |
| : | |
| THOMAS KOMASA, : | |
| HEIDI KOMASA, : | |
| : | |
| Defendants. : | |

MEMORANDUM AND ORDER

Defendants Thomas and Heidi Komasa filed timely motions for judgment of acquittal or, in the alternative, a new trial on August 10 and 13, 2012, respectively. For the reasons stated below, the motions are denied.

In a motion to overturn a jury verdict pursuant to Fed. R. Crim. P. 29(c) on sufficiency of the evidence grounds, the burden placed upon the moving party is a heavy one. A conviction stands if the Court finds, after "'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Desnoyers*, 637 F.3d 105, 109 (2d Cir. 2011), quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A motion for a new trial pursuant to Rule 33 however has a less stringent standard. Under that rule, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

Both Komasas raise several objections to the jury's verdict. First, they pose a general attack upon the decision based upon the insufficiency of the evidence. Thomas Komasa asserts there is insufficient evidence linking him to misrepresentations in the various mortgage applications because he signed only the first loan application. Both Komasas argue the various misrepresentations in the loan documents concerning income, assets and liabilities, primary

residence, schedules of real property and other matters were not materially false, nor proven to be so. Heidi Komasa claims the Government failed to prove she had the requisite intent to commit the crimes set forth in the counts of conviction.

All of these issues raised by the defendants were addressed during the trial through the introduction of substantial amounts of conflicting evidence. A reasonable jury could certainly have concluded that Thomas Komasa knowingly participated in the filing of false applications for mortgages, because he was the person primarily involved in the scheme to obtain real estate loans. Numerous financial officers testified that they dealt exclusively with Thomas Komasa, and that he was fully familiar with the details of each transaction. Many lenders testified that he supplied the relevant information which formed the bases for the loans. From those facts, a jury could reasonable conclude Thomas Komasa knowingly misrepresented facts on the loan applications.

Although both sides introduced evidence concerning whether or not statements relating to the Komasas' income, assets and liabilities, primary residence and schedules of real estate were false, a jury could reasonably conclude the Komasas' representations were false. All of those statements were material, including the primary residence representations, since they affected the likelihood of the Komasas obtaining approval for the loans and the rates of interest to be charged on those loans. The parties disputed the definitions of income, assets and liabilities. The Government introduced testimony from individuals involved in the mortgage-lending industry who defined those terms in such a way as to permit a finding that the mortgage applications in this case were false. The issue of whether the applications contained false information, and whether the Komasas knew the information to be false was for the jury to

decide.

A jury could also have reasonably concluded that Heidi Komasa knew of the misrepresentations based upon her involvement in the various purchases of real estate and the signing of the loan documents. Again, the issue of her knowledge was a jury question. The Court therefore denies the Komasas' motion for judgment of acquittal as it relates to those particular claims.

Heidi Komasa has requested a new trial, asserting the Court erred in denying her motion in limine regarding Rule 404(b) evidence, including the 2001 and 2002 alleged fraudulent mortgage applications, her bankruptcy and a number of tax returns. The Court found the mortgage applications were sufficiently close in time to be relevant, and that such relevance substantially outweighed the prejudice that she might suffer. The Court made a similar finding regarding the bankruptcy and tax returns. Ms. Komasa's knowledge of the fraudulent activity, as well as her decision to willfully participate in the scheme, were hotly contested issues. This contested evidence related directly to her knowledge and her intent to participate in the fraudulent scheme. As a result, such evidence was highly probative of one of the central issues in the case. The prejudicial impact of the fact that she had filed for bankruptcy in the past was minimal. The Court reaffirms its ruling that the Rule 404(b) evidence was admissible and did not unfairly prejudice Ms. Komasa.

Thomas Komasa raises several objections to the jury's verdict with respect to individual counts. He objects to his convictions for mail fraud on counts 2 and 3, essentially arguing there is no evidence to prove the mortgage applications were put in the mail. In Count 2, the closing packet to Option One did not include the mortgage application. However Attorney Ferenc

testified he would have submitted the application in the packet according to his standard practice of completing mortgage transactions and as required by the instructions for conducting a real estate closing. Such testimony supports a reasonable conclusion by a jury that the false application was mailed as part of the closing documents when put in the context of other evidence elicited at trial. In count 3, a loan application was part of the file, but, according to the defendant, there was no evidence introduced as to how the documents were transferred to the American Home Mortgage Acceptance Corporation. Again, Attorney Ferenc testified he would have mailed the documents after the closing according to his standard operating procedures and the closing instructions from the lender. The jury could have reasonably relied upon such testimony to find the documents were mailed in due course.

Next, Mr. Komasa objects to the verdicts of guilty on the wire fraud charges in counts 5, 6 and 7. Sufficient evidence was introduced that fraudulent documents were faxed from Vermont to locations outside the state, and the jury could reasonably have determined that Mr. Komasa encouraged that fraudulent wire transfer.

Counts 4, 8, 9, and 10 involved charges of bank fraud. The first three counts involved a scheme to defraud the National City Mortgage Corp. and National City Bank. In fact, the Komasas obtained loans from National City Mortgage, a division of National City Bank of Indiana. After completion of the loans involved in this case, National City Bank of Indiana was acquired by National City Bank. Assuming the accuracy of the Komasas' representations that the real victim in this case was National City Bank of Indiana, the error is not fatal to the prosecution. Defendants were on notice for months before trial of the allegations regarding this fraudulent activity and made no effort to correct the mistake. Nor do the Defendants assert they

4

were prejudiced by the mistake. In such cases, when the defendants are on notice of the core of criminality charged in the indictment and are not prejudiced by the mistake, variances between the indictment and proof at trial does not warrant dismissal. *See, e.g.*, *United States v. Kaplan*, 490 F.3d 110, 129 (2d Cir. 2007). In this case, the defendants' substantial rights were not impaired, nor were they prejudiced in any way.

Count 10 is a bank fraud allegation involving a check from a closed account having been deposited at New England Federal Credit Union. The Government called an employee of the Credit Union, Rhonda Vincent , to satisfy the elements of the offense. Although the defense raised credibility issues regarding the substance of her testimony, such issues are matters for a jury to decide. The motion for judgment on count 10 is therefore denied.

Finally Thomas Komasa seeks a new trial based upon the Court's having permitted the Government to introduce the loan files and bank records as self-authenticating business documents pursuant to Federal Rules of Evidence 803(6) and 902(11). He argues that the Government failed to provide the required "reasonable notice of the intent to offer the record." He also argues records obtained "through automated processes" may not be introduced by way of Rule 803(6), since such documents are not subject to review in terms of their reliability or trustworthiness. In particular, the Government did not proffer a witness to testify that the records were kept in the ordinary course of business and could be identified by a qualified witness.

It is true the Government failed to provide written notice to the defendants that it intended to introduce the loan files as self-authenticating pursuant to Rule 902(11). However, the Government produced all loan files and business records certificates as part of discovery well

5

in advance of trial. At a motions hearing in 2012, the Government represented orally that the loan files were admissible as self-authenticating records. It gave the defense copies of recently completed declarations from records custodians for six of the mortgage lenders on April 17, 2012, although some of those declarations did not comply with Rule 803(6). Other certifications were turned over later. Those certifications complied with Rule 803(6). On June 19, 2012, the Government turned over by email declarations which complied with the Rule and were intended to be offered into evidence. Those certifications indicated the records were kept in the course of a regularly conducted business activity, made in the regularly conducted business activity as a regular practice of the institution, and were made at or near the time of the occurrence of the matters set forth through automated processes or by, or from information transmitted by, a person with knowledge of those matters.

The defense was clearly on notice that the Government sought to introduce the loan documents as business records under Rule 803(6), and that the documents were intended to qualify as self-authenticating under Rule 902(11). To be sure, the rule requires written notice. *See* Fed. R. Evid. 902(11). However, the Government provided both oral notice and the certificates which were clearly for the purpose of notifying the defense the Government intended to introduce such documents as self-authenticating. Given actual notice and substantial compliance with Rules 803(6) and 902(11), the Court permitted introduction of the documents. The Court reaffirms the decision here.

Even if the documents were not admissible under Rule 803(6), the Court finds such documents to be sufficiently reliable and trustworthy to be admissible under Rule 807(a). The documents were obtained from the relevant institutions pursuant to grand jury subpoena. In

time, they were duly authenticated under Rule 803(6) by persons having knowledge of their authenticity. Various individuals testified at trial to their completeness. They qualify under all of the requirements of the residual exception to the hearsay rule.

Thomas Komasa also objects to the introduction of documents obtained by automated processes. He has shown no basis to evaluate the admissibility of documents obtained from computer recovery systems differently than documents obtained by personal review of records, assuming there is suitable authentication by persons in the position to testify to their authenticity. Here, the certifications adequately laid the foundation for the trustworthiness of the records. The fact that the documents were obtained by automated processes does not affect their admissibility.

For the reasons stated above, the Court denies the defendants' Motion for Judgment of Acquittal, or, Alternatively, Motion for a New Trial (ECF Nos. 141, 142.).

Dated at Burlington, Vermont this 5th day of November, 2012.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge